**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREATER HELLS CANYON COUNCIL, an Oregon nonprofit corporation; OREGON WILD, an Oregon nonprofit corporation, | No. 18-35742 |
| | D.C. No. 2:17-cv-00843-SU |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM[*] |
| KRIS STEIN, in her official capacity as District Ranger of the Eagle Cap Ranger District, Wallowa-Whitman National Forest; UNITED STATES FOREST SERVICE, | |
| Defendants-Appellees, | |
| WALLOWA COUNTY, | |
| Intervenor-Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted December 12, 2019
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and PRATT,[**] District

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Robert W. Pratt, United States District Judge for the

Judge.

Greater Hells Canyon Council and Oregon Wild (collectively, "the Council") appeal the district court's grant of summary judgment in favor of defendants, the United States Forest Service, District Ranger Kris Stein, and Wallowa County (collectively, "the Forest Service") for claims brought under the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. §§ 4321–4370m; the National Forest Management Act of 1976 ("NFMA"), Pub. L. No. 94-588, 90 Stat. 2949 (codified as amended in scattered sections of 16 U.S.C.); and the Healthy Forest Restoration Act of 2003 ("HFRA"), 16 U.S.C. §§ 6501–6591e. The parties are familiar with the facts, so we need not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant of summary judgment. *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1123 (9th Cir. 2012). Under the Administrative Procedures Act, a court "shall" set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The court's "role is 'simply to ensure that the Forest Service made no clear error of judgment that would render its action arbitrary and capricious.'" *Earth Island Inst. v. Carlton*, 626 F.3d 462, 472 (9th Cir. 2010) (citation omitted).

---

Southern District of Iowa, sitting by designation.

Assuming, without deciding, that the HFRA § 603 categorical exception requires extraordinary circumstances review, we conclude the Forest Service was neither arbitrary nor capricious in concluding there were not extraordinary circumstances present in the Lostine Project. *See Ctr. for Biological Diversity v. Ilano*, 928 F.3d 774, 781 n.3 (9th Cir. 2019). In determining whether extraordinary circumstances exist, the Forest Service must consider the effect of the proposed action on seven "resource conditions." 36 C.F.R. § 220.6(b)(1). The Forest Service rationally concluded the Lostine Project had no effect, no adverse effect, likely no adverse effect, or a neutral or beneficial effect on each applicable "resource condition."

The Lostine Project complies with NFMA's requirement that it be consistent with the Wallowa-Whitman Land and Resource Management Plan, as amended by the Lostine River Wild and Scenic River Management Plan, 16 U.S.C. § 1604(i). "The Forest Service's interpretation and implementation of its own forest plan is entitled to substantial deference." *Native Ecosystems Council v. Weldon*, 697 F.3d 1043, 1056 (9th Cir. 2012). The Forest Service reasonably interpreted its plan, adhered to its relevant processes, documented its findings, and made rational conclusions based on those findings.

The Forest Service adhered to the HFRA requirement that the Lostine Project must be "developed and implemented through a collaborative process that

3

(i) includes multiple interested persons representing diverse interests; and (ii)[] is transparent and nonexclusive." 16 U.S.C. § 6591b(b)(1)(C). Although the Council argues the Forest Service must engage in a formal collaborative group process, this contention is not supported by the text of the statute or its legislative history. The Forest Service's own internal guidelines require it to identify and involve relevant stakeholders; design a strategy to conduct an open, inclusive, and transparent process; and plan for implementation and evaluation as part of the collaborative effort. The record amply supports that it did so in the Lostine Project.

Finally, the Council seeks to enter the extra-record declaration of Veronica Warnock, its conservation director. Courts reviewing an agency decision are limited to the administrative record, subject to narrow exceptions. *Lands Council v. Powell*, 395 F.3d 1019, 1029–30 (9th Cir. 2005). "[D]istrict courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,' (2) if 'the agency has relied on documents not in the record,' (3) 'when supplementing the record is necessary to explain technical terms or complex subject matter,' or (4) 'when plaintiffs make a showing of agency bad faith.'" *Id.* at 1030 (citation omitted).

The district court did not abuse its discretion in excluding the declaration because the declaration does not fill any holes in the administrative record, which

4

contains extensive evidence about the Forest Service's decision-making and collaborative processes, nor does it fall under any other exception.

**AFFIRMED**.